PETER F. THIBODEAU, RESPONDENT, v. JOHN HAMLEY
AND JOSEPH HAMLEY. APPELLANTS.

Argued June 18, 1920—Decided November 15, 1920.

1. On an appeal the appellate tribunal is only concerned with errors pointed out and to which the attention of the trial judge in the court below was called by objection to the particular matter assigned as error, so that he may be afforded an opportunity to correct the mistake.

2. If an exception to the judicial charge embraces several legal propositions, and any of them be unexceptional, the objection fails. Counsel must put his finger on the erroneous proposition, and thus point the mind of the judge to it; if he challenges any part of the charge in bulk, assigning no reason for such challenge, and a bill is allowed on the point, the risk of any legal ingredient being found in such bulk is that of the party so excepting.

3. An instruction to the jury, "The mere fact that the plaintiff put his arm out of the window (of a jitney bus in which he was riding) is not negligence in itself, but it is for you to determine whether, under all the circumstances of the case, the fact that the plaintiff had his arm out of the window amounted to negligence, in your opinion, and to such negligence as contributed to his injury," was an accurate statement of the legal rule applicable to the case.

4. *Zeliff* v. *North Jersey Street Railway Co.*, 69 *N. J. L.* 541, approved.

On appeal from the Supreme Court.

For the appellants, *John W. McGeehan, Jr.*

For the respondent, *Press & Press* (*Samuel Press* of counsel).

The opinion of the court was delivered by

KALISCH, J.    A judgment was entered in the Supreme Court upon a verdict rendered in favor of the plaintiff against the defendants, which judgment is brought for review here by the defendants' appeal.

From the testimony of the plaintiff, it appeared that he was a passenger riding in a jitney bus, sitting about three seats from the entrance door to the vehicle, with his arm resting on the inside of the window sill, the window being open about fourteen inches, and while sitting in that position, the operator of the bus, in approaching the Lehigh Valley railroad crossing on Elizabeth avenue (a much traveled public thoroughfare) at a rapid rate of speed suddenly swung the vehicle across the road to the left and then quickly again to the right and in such a manner that it shoved that part of the jitney where the plaintiff was sitting against the corner of a bus standing still at the crossing, with the result that the plaintiff's arm was fractured and permanently injured; that the accident happened at night and that it was dark. The defendants denied that there was a collision and contended that if the plaintiff sustained an injury to his arm it was because he had that member protruding out of the window.

The first point made in appellants' brief and argued is based upon the fifth ground of appeal which embodies an exception taken by appellants' counsel to an instruction by the court to the jury as follows:

"The mere fact that the plaintiff put his arm out of the window is not negligence in itself, but it is for you to determine whether, under all the circumstances of the case, the fact that the plaintiff had his arm out of the window amounted to negligence, in your opinion, and to such negligence as contributed to his injury."

This was an accurate statement of the legal rule applicable to the case. The instruction falls clearly within the reasoning of Mr. Justice Pitney in *Zeliff* v. *North Jersey Street Railway Co.*, 69 N. J. L. 541, as proper.

The record shows that after the jury retired to consider the case, it sent to the court the following written communication: "Could failure to have guards outside of the window, so that passengers could not extend their arms or heads from the window, be regarded as negligence on part of the bus owners?" To this query the court replied: "There is no

statute in this state requiring jitney owners to provide the windows of jitneys with guards." To this statement appellants' counsel took an exception.

It seems hardly necessary to say that an exception taken to what a judge says in his charge to a jury, either is for the purpose of challenging the accuracy of a legal principle laid down by him or the accuracy of his statement of certain facts. We have not been shown in what respect the court erred in stating that there was no statute in this state requiring jitney owners to provide guards for their jitney windows. We perceive no error in that statement. If appellants' counsel desired a more specific instruction, then the duty devolved upon him to present to the court a request to charge embodying the legal proposition which counsel deemed necessary and applicable to properly answer the jury's inquiry, and if the request was refused to have taken an exception to such refusal. This practice is too well settled to need the citation of any authorities.

From the record it further appears that later the jury again asked for further instructions and propounded to the court the following question: "The jury understands that the court stated that if the plaintiff's arm or elbow extended from the window that this act in itself did not constitute contributory negligence. Such being the case, the jury would have the right to assume that, under certain circumstances, passengers could without prejudice to their rights, extend their arms or heads beyond the window. If this is true, does it not devolve upon the bus driver to give sufficient clearance to other vehicles to avoid the possibility of accident such as illustrated in the present case? To this the court replied and charges as follows:

"It is not negligence in itself for a person to extend their arm or elbow from the window of a jitney. It is a question of fact for the jury to determine as to whether, under all the facts and circumstances of this case just tried before you, Thibodeau, the plaintiff, was guilty of negligence in so doing, if he did so.

"The question of sufficient clearance has to do with the operation of the car. The defendants owed a high degree of care to transport the plaintiff in safety. Was there such care? In operating the car and giving the clearance given, did or did not the driver measure up to that duty imposed upon him by law?"

To this instruction the appellants took an exception. As has already been pointed out, the function of an exception is to challenge the correctness of the legal proposition laid down, or the accuracy of the statement of facts, by the court for the guidance of the jury.

Counsel of appellants makes no claim in his brief that the court did not charge correctly the legal propositions involved, and our attention has not been directed to any error therein, but counsel bases his entire contention on the failure of the judge to charge the jury "that the defendants did not need to assume that a passenger would be riding with his arm outside of the window," &c., and in failing to instruct the jury what would constitute a sufficient clearance between the vehicles, &c. All these matters might have been proper subjects of requests to charge and could have been presented by counsel to the judge for that purpose, but this plainly was not done. On appeal we are only concerned with errors pointed out and to which the attention of the trial judge in the court below was called by objection to the particular matter assigned as error, so that he may be afforded an opportunity to correct the mistake. *Kargman* v. *Carlo*, 85 *N. J. L.* (at p. 632); *Miller* v. *Delaware River Transportation Co., Id.* 700 (at p. 703); *Coppola* v. *Grande*, 88 *Id.* 324 (at p. 327); *Doran* v. *Asbury Park*, 91 *Id.* 651.

Moreover, another valid reason why the exception taken by appellants' counsel to what the judge said in answer to the inquiry of the jury cannot be availed of by appellants, is that the exception was a general one to a charge containing two distinct legal propositions, one relating to whether it was negligence *per se* for a passenger to extend his or her arm from the window of a jitney traveling on the public

highway, and the other to the measure of legal duty devolving upon the operator of the jitney in giving sufficient clearance to other vehicles.

· The legal rule governing such an exception is well and vigorously stated by Chief Justice Beasley, in *Noyes* v. *State,* 41 *N. J. L.* 418 (at *p.* 429), as follows: "No rule regulating the trial of causes is more valuable or more settled than the requirement that an exception to the judicial charge, to be legal, must be explicit. If the exception embraces several legal propositions, and, any one of them be unexceptional, the objection fails. Counsel must put his finger on the erroneous proposition, and thus point the mind of the judge to it; if he challenges any part of the charge in bulk, assigning no reason for such challenge, and a bill is allowed on the point, the risk of any legal ingredient being found in such bulk, is that of the party so excepting. The cases, including several of the decisions of our own courts, are conclusive with respect to this doctrine." See *Packard* v. *Bergen Neck Ry. Co.,* 54 *Id.* 553, where the cases on this point are collated by Mr. Justice Magie, at page 556. Other cases dealing with the subject are *Oliver* v. *State,* 45 *Id.* 46, 48; *Gardner* v. *State,* 55 *Id.* 17, 25; *State* v. *Contarino,* 92 *Id.* 381, 385.

In the present case the statement by the court that it is not negligence in itself for a passenger to extend his or her arm or elbow from the window of a jitney, and that it was for the jury to determine whether, under all the facts and circumstances of the case, the plaintiff was guilty of negligence in doing so, if he did so, as a correct legal proposition, is unassailable. The other distinct legal proposition in the charge of the judge was as to what he said was the measure of duty resting upon the operator of the jitney upon the public highway, and even, if it had appeared that the judge erred in his statement of the law in that respect, and that has not been made to appear to us, it would not have availed the appellants, since there was no specific objection made to the charge upon that ground.

Judgment is affirmed, with costs.

*For affirmance*—The Chief Justice, Swayze, Tren-chard, Minturn, Kalisch, Black, Katzenbach, Ack-erson, JJ. 8.

*For reversal*—Bergen, White, Heppenheimer, Williams, JJ. 4.